**CIVIL PROCEDURAL RULES COMMITTEE**
**ADOPTION REPORT**

**Amendment of Pa.R.Civ.P. 223.2**

On December 3, 2021, the Supreme Court amended Pennsylvania Rule of Civil Procedure 223.2 to clarify and expand when note taking by jurors is permitted during trial. The Civil Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, Comment. The statements contained herein are those of the Committee, not the Court.

The Civil Procedural Rules Committee received a request for rulemaking to clarify the parameters set forth in Pa.R.Civ.P. 223.2 as to when jurors may take notes during the course of a trial. The requester pointed out that the rule had been generally interpreted to permit note taking during witness testimony only, but not during opening statements and closing arguments. The rule expressly prohibits note taking during the reading of the jury charge only; there is no similar express prohibition on note taking during opening statements and closing arguments. Thus, whether note taking was permitted during opening statements and closing arguments was open to interpretation.

Pa.R.Civ.P. 223.2 was adopted in 2003, initially on a temporary basis, and made permanent in 2005. Subdivision (a)(1) of the rule permitted jurors to take notes during "the proceedings" if a trial was anticipated to last more than two days but did not specify or define the term "proceedings." As noted above, the term had been generally interpreted to permit juror note taking only when witnesses are testifying during trial and not during opening statements and closing arguments. For trials anticipated to last two days or less, the rule permitted jurors to take notes subject to the trial judge's discretion. Subdivision (a)(2) expressly prohibited note taking during the reading of the jury charge.

The Committee initially proposed the amendment of Pa.R.Civ.P. 223.2 in three respects. First, in subdivision (a)(1), the term "proceedings" was replaced with "the presentation of evidence" to closely hew to the current understood practice of permitting note taking during the testimony of witnesses. In addition, the parameters of the rule were expanded to permit note taking during closing arguments. The proposal did not extend note taking to opening statements because the nature of opening statements can include information that may ultimately not be supported by the evidence presented or even entered into evidence. The proposal continued the prohibition of note taking during the reading of the jury charge.

Second, subdivision (a)(1) was modified to replace the permissive "may" with "shall be permitted." The use of the permissive "may" in the rule offered the opportunity for

variation in procedure. To ensure a uniform practice throughout the Commonwealth, all jurors should be permitted to take notes subject to the parameters of the rule. The rule would continue to place no obligation on the part of jurors to take notes, but the authority for jurors to use this tool for deliberations would be expressly permitted.

Third, subdivision (b) was also modified to include a cautionary juror instruction that note taking should not divert jurors' attention from, *inter alia*, the closing arguments. Those requirements were also incorporated into the suggested jury instruction set forth in the comment following the rule text.

The Committee published the proposal, *see* 49 Pa.B. 3885 (July 27, 2019), and received four comments, both in support of and opposed to the proposal. Those supporting the proposal either supported it as drafted or suggested opening note taking to all portions of the trial, including opening statements. Those opposing the proposal either objected to expanding note taking to closing arguments because closing arguments are not evidence and are not always factually accurate, or believed that note taking should be limited to the presentation of evidence only.

To those commenters opposed to expanding note taking, the Committee believed that the benefit of expanding note taking to engage jurors more fully in the trial and hold attorneys accountable for accurate advocacy far outweighed any potential for inaccuracies. Moreover, the concern that note taking is not always accurate, while certainly true in some instances, was considered speculative when considered as a whole.

The Criminal Procedural Rules Committee, which was also examining whether Pa.R.Crim.P. 644 governing note taking in criminal trials should be similarly clarified, suggested forming a joint subcommittee to resolve any potential differences in the approach to juror note taking. The Civil Procedural Rules Committee agreed.

The joint subcommittee made two recommendations: (1) juror note taking should be permitted in all trials regardless of its anticipated length of time; and (2) juror note taking should be permitted during opening statements and closing arguments.

**Two-Day Trial Time Limitation**

After receiving the joint subcommittee's recommendations, the Committee discussed the extent of the trial judge's discretion in allowing juror note taking. Prior to the present amendment, Pa.R.Civ.P. 223.2 required a presiding judge to permit note taking in trials lasting more than two days, but granted the judge discretion in trials lasting less than two days. The Committee questioned why this time limit was chosen and whether it was an arbitrary limitation. In reviewing the history of Pa.R.Civ.P. 223.2, it was noted that when first adopted, there was some skepticism whether note taking by jurors

2

was necessary or beneficial.  As a compromise, the two-day limitation was imposed because it was reasoned that trials lasting less than two days would be more simple and not necessitate note taking; longer trials were deemed more complicated and thus jurors could benefit from the ability to take notes if they so desired.

The Committee noted that courts have become more accustomed to juror note taking, recognizing the benefits while observing that few of the problems originally feared with the practice have occurred.  Thus, the Committee agreed with the joint subcommittee that, regardless of the length of the trial or its complexity, jurors should be allowed to take notes and that the two-day limitation should be eliminated.

**Note Taking During Opening Statements and Closing Arguments**

In examining the joint subcommittee's recommendation, several Committee members noted the observations shared by the joint subcommittee members on juror note taking.  First, taking notes during opening statements aided the jurors in familiarizing themselves with the theories that were going to be presented during the trial.  Those notes also helped them organize their thoughts in anticipation of hearing the evidence.  Second, jurors found that taking notes during closing arguments aided in recalling those arguments.  Additionally, it appeared that jurors had no trouble distinguishing between evidence and argument.

The Committee also noted that the joint subcommittee observed that note taking throughout the trial, rather than only during the presentation of evidence, offered several benefits.  First, liberal allowance of note taking demonstrates respect for and trust in the jurors and their ability to perform their duties.  Second, note taking keeps attorneys accountable; if jurors take notes, attorneys need to take greater care to avoid discrepancies between the opening statement and the evidence presented.  To the concern that opening statements may include references to evidence that is ultimately precluded, curative instructions are an available remedy.  It was also noted there are instances during the presentation of evidence when testimony can be stricken.  Finally, it was observed that the federal courts permit jurors to take notes during all parts of a trial.[1]

As a result of these discussions, the Committee concluded that note taking should be permitted during both opening statements and closing arguments in addition to during

---

[1]    Note taking by jurors in federal court is permitted at the discretion of each judge. The directive appears to be set forth in pattern jury instructions and not pursuant to rule. *See, e.g.*, Section 1.9 of the Model Jury Instructions for the United States Court of Appeals for the Third Circuit, https://www.ca3.uscourts.gov/sites/ca3/files/1_Chaps_1_2_3_2017_Oct.pdf.

the presentation of evidence.  Note taking, however, should be precluded during the judge's charge to the jury.

This amendment has been adopted in tandem with the amendment to Pa.R.Crim.P. 644 to clarify and expand juror note taking during opening statements, the presentation of evidence, and closing arguments in criminal proceedings.  In doing so, the parameters of juror note taking have been made uniform for all jury trials.  The amendment becomes effective April 1, 2022.